**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00537-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STAN TARAN FORD,

    Defendant.

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO CONTINUE
MOTIONS FILING DEADLINE, MOTIONS HEARING AND TRIAL AND REQUEST
FOR FORTHWITH STATUS CONFERENCE**

**Blackburn, J**

This matter is before me on **Defendant's Unopposed Motion To Continue Motions Filing Deadline, Motions Hearing and Trial and Request for Forthwith Status Conference** [#32], filed January 24, 2006. The government does not object. The motion is granted; however, not on a finding of complexity, but instead, on a finding of "ends of justice."

The defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. § 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides in relevant part:

> The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:
> (8)(A) Any period of delay resulting from a continuance granted by any judge ... at the request of the attorney..., if the judge granted such

> continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h) and (h)(8)(A).

The Speedy Trial Act is "[d]esigned to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." ***U.S. v. Saltzman,*** 984 F.2d 1087, 1091 (10th Cir. 1993). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. See 18 U.S.C. § 3161(C)(1)*;* ***United States v. Lugo,*** 170 F.3d 996, 1000-01 (10th Cir.1999).  Certain periods of delay are excluded and do not count toward the 70-day limit. See 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge ... on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***U.S. v. Hill,*** 197 F.3d 436, 440 -441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under § 3161(h)(8)(A), certain prerequisites must be satisfied. ***Id.*** First, I must consider the following factors listed in § 3161(h)(8)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

    (iii)    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

    (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill,* 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989). Instead, "'[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive....'" *Id.*

The chronology of relevant facts is as follows:

- 12/19/05: Indictment returned;

- 1/9/06: defendant arraigned;

- 1/9/06: Trial Preparation Conference Order entered:

    - requiring that pretrial motions be filed by 1/24/06;

    - setting Trial Preparation Conference for 2/24/06; and

- setting trial by jury for 2/27/06.

Discovery will be voluminous. The investigation spans years and involves complicated surveillance activity. Defendant does not yet have access to all discovery. It is highly improbable that the defendant would have a reasonable opportunity to receive, review, and respond by motion or otherwise to discovery in the time provided by my Trial Preparation Conference Order or by the Speedy Trial Act.  Therefore, I find that this case can not be ready for trial and that it is unreasonable to expect adequate preparation by the government or the defendant for pretrial or trial proceedings within the time initially allowed by my Trial Preparation Conference Order or under 18 U.S.C. § 3161(c).

I have considered the factors which I must under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

1) That failure to grant a continuance of trial beyond the time initially prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

2) That even considering due diligence, failure to grant the motion would deny counsel for the government and the defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv);

3) That therefore the ends of justice served by granting the motion outweigh the

best interests of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A); and

4) That therefore, the defendant's unopposed motion to continue should be granted on the grounds of "ends of justice."

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Unopposed Motion To Continue Motions Filing Deadline, Motions Hearing and Trial and Request for Forthwith Status Conference** [#32], filed January 24, 2006, is **GRANTED**;

2. That the deadline for filing pretrial motions is **VACATED**;

3. That the motions' hearing setting conference set for February 13, 2006, is **VACATED**;

4. That the Trial Preparation Conference set for February 24, 2006, is **VACATED**;

5. That trial by jury set to commence February 27, 2006, is **VACATED**; and

6. That the court shall hold a status/scheduling conference on February 24, 2006, at 2:30 p.m., at which time counsel and defendant shall appear without further notice, hearing, or order, unless sooner excused..

Dated January 26, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**