**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00537-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  STAN TARAN FORD,

    Defendant.

**ORDER 1) DENYING GOVERNMENT'S MOTION FOR REVOCATION OF BAIL AND FOR DETENTION AND 2) GRANTING DEFENDANT'S MOTION TO AMEND RELEASE ORDER**

**Blackburn, J.**

On February 24, 2006, the matter was before me for hearing on 1) the **Government's Motion To Join in Defendant's Motion for Revocation of Order of Conditions of Release And Motion To Detain Defendant 18 U.S.C. §§ 3145(a)(1) and 3142(e) and (g)** [#47] filed February 2, 2006, and 2) the defendant's **Motion To Amend Release Order** [#34] filed February 24, 2006. I deny the government's motion,[1] and I grant the defendant's motion.

In fashioning my ruling subsequent to *de novo* review, I have 1) judicially noticed all relevant adjudicative facts in the file and record of this action *pro tanto*, including,

---

[1] My denial of the government's motion goes to that portion of the motion that requests revocation of bail and invocation of detention. Previously, on February 3, 2006, I issued an order from the bench, granting that portion of the government's motion to join the defendant's motion, so that both motions would be considered simultaneously. *See* **Courtroom Minutes** [#54] entered February 3, 2006.

but not limited to the relevant proceedings conducted before Magistrate Judge Watanabe on November 30, 2005, and January 9, 2006; 2) considered the evidence presented at the hearings conducted on January 9, 2006, *see* Transcript [#24], and on February 24, 2006; 3) considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and oral argument; and 4) considered the written and oral recommendations of pretrial services. Accordingly, I enter the following findings of fact (which are supported by a preponderance of the evidence, unless indicated otherwise), conclusions of law, and orders.[2]

**FINDINGS OF FACT**:

The defendant's history, residence, family background, family ties, employment history, financial resources, criminal record, and health are as stated in the pretrial services report.[3] In summary, this information establishes that the defendant is a long-time law abiding resident of and property owner in Denver, Colorado, who has been responsibly and gainfully employed throughout his adult life.

On August 11, 2004, the grand jury returned a four-count indictment in which the defendant was charged with the following serious firearm related felony offenses: Counts 1, 2, and 3 – Transfer and Possession of a Machine Gun, 18 U.S.C. § 922(o); and Count 4 – Possession of Firearm with Removed and Obliterated Serial Number, 18 U.S.C. § 922(k). The dates of the alleged offenses range from April 22, 2005, to

---

[2] This order is entered to reiterate, expatiate, and supplement the findings of fact, conclusions of law, and orders I entered from the bench at the conclusion of the hearing on February 24, 2006.

[3] My generic reference to the "pretrial services report" includes 1) the initial **Pretrial Services Report** dated November 28, 2005; 2) the first **Addendum** dated also November 28, 2005; 3) the **Second Addendum** dated November 30, 2005; and 4) the **Status Report** contained within the **Memorandum** of Patrick J. Lynch, Senior Probation Officer, dated January 6, 2006.

November 21, 2005. The weight of the evidence against the defendant is at least preponderant.

The defendant is not likely to flee the jurisdiction.

The defendant's criminal history is free of assaultive or minatory conduct.

The defendant has no reported failures to appear in court.

The defendant was not on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law.

The defendant has complied and is likely to comply with conditions of bond necessary to assure his appearance before the court in this case.

Since November 30, 2005, defendant has been released on bail in the amount of $30,000 secured by a real property bond that is subject to mandatory, standard, and special conditions of release, including, but not limited to residence in a community correctional facility. Since November 30, 2005, the defendant has resided without incident in not one, but two community correctional facilities.

Additionally, the defendant does not pose a danger to the community if released without residence in a community correctional facility as a special condition of release. All of the evidence educed by the government during the February 24, 2006, hearing on the issue of dangerousness was known and available to the government by November 30, 2005, when it stipulated to the defendant's release in lieu of detention. Given the defendant's exemplary behavior subsequent to his release on bail without so much as a proverbial hiccup, it borders on disingenuous for the government to now

claim that the defendant is now so dangerous soas to warrant a revocation of his bail followed immediately by his incarceration pending trial.[4]

Subsequent to its ongoing and evolving review of the totality of circumstances, pretrial services recommended credibly and cogently both as of January 6, 2006,[5] and February 24, 2006,[6] that defendant continue to be released on bail and bond without the special condition requiring residence in a community correctional facility.

**CONCLUSIONS OF LAW:**

To the extent necessary, I reiterate and incorporate my foregoing findings of fact.

My review of the Magistrate Judge's order of January 9, 2006, is *de novo. See* ***United States v. Leon***, 766 F.2d 77, 80 (2d Cir.1985). Under this standard of review, I must judge the issues anew, but in doing so, I may utilize the factual and evidentiary record developed during the detention hearings before Judge Watanabe on November 30, 2005, and on January 9, 2006. However, as is required under *de novo* review, I must reach and have reached my own independent findings of fact and conclusions of law. *See* ***Leon***, 766 F.2d at 80 (finding that on de novo review, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent

---

[4] It was this arbitrary, strategic bouleversement by the government 1) that led me at the outset of the February 24, 2006, hearing metaphorically to describe my role as refereeing a match of micturition between members of the sub-family of Mustelidae; and 2) that led me to conclude in exasperation at the conclusion of the hearing that it had been a prodigal waste of time.

[5] *See* the **Status Report** contained within the **Memorandum** of Patrick J. Lynch, Senior Probation Officer, dated January 6, 2006.

[6] From sworn testimony of Patrick J. Lynch, Senior Probation Officer, who I found to be credible and cogent.

conclusion").

Essentially, I have conducted a detention hearing as required by **18 U.S.C. § 3142(f)** and **18 U.S.C. § 3145(b)**.

On December 19, 2005, the grand jury returned a four-count indictment against the defendant. The indictment *per se* establishes probable cause to believe that the defendant committed the four firearm related felony offenses with which he is charged.

There is no rebuttable presumption in these circumstances under **18 U.S.C. § 3142(e)** and **(f)**.

I have afforded the defendant the presumption of innocence without modification or limitation. *See* **18 U.S.C. § 3142(j)**

In order to sustain revocation of bail and to sustain detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. I have conducted a detention hearing as required by **18 U.S.C. § 3142(e)**. On these issues the government has the burden of proof: risk of flight must be established by a preponderance of the evidence, and danger to the community by clear and convincing evidence. *See* **United States v. Cisneros**, 328 F.3d 610, 616 (10th Cir. 2003). I conclude on this evidentiary record that the government has not sustained its burden of persuasion on either of these issues – flight or safety.

In order to sustain the motion to amend, defendant has the burden of persuasion by a preponderance of the evidence. I conclude on this evidentiary record that defendant has sustained that burden.

The Bail Reform Act of 1984 at **18 U.S.C. § 3142(g)**, directs me to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including -

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

I have considered the factors required under **18 U.S.C. § 3142(g)**.

Based on my foregoing findings of fact, I conclude that the evidence establishes by a preponderance that the defendant does not present a risk of flight to eschew prosecution and punishment, and there exists conditions of release, which will reasonably assure the appearance of the defendant as required.

Additionally, I conclude that there is not clear and convincing evidence which establishes that the defendant presents an unreasonable risk to the safety of the community, and there exists conditions of release, exclusive of continued placement in a community correctional facility, which will reasonably mitigate any such risk.

The recommendations of pretrial services for continued release without community correction involvement are well reasoned and circumstantiated. Therefore, I approve, adopt, and incorporate the reasons stated and arguments advanced by pretrial services in support of its recommendation for continued release.

Thus, on this record I conclude "that there exists a condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." **18 U.S.C. § 3142(e)**. Therefore, detention and continued community correctional placement are unwarranted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the portion of the **Government's Motion To Join in Defendant's Motion for Revocation of Order of Conditions of Release And Motion To Detain Defendant 18 U.S.C. §§ 3145(a)(1) and 3142(e) and (g)** [#47] filed February 2, 2006, that requests that bail be revoked and that the defendant be detained, **IS DENIED**;

2. That the defendant's **Motion To Amend Release Order** [#34] filed February 24, 2006, **IS GRANTED**;

3. That the special condition of release and bail requiring that the defendant reside in a community correctional facility or halfway house **IS REMOVED AND WITHDRAWN**; and

4. That the extant orders of the court are modified to the extent necessary to facilitate and implement these orders, but are otherwise ratified and reaffirmed.

Dated in chambers February 28, 2006, at Denver, Colorado, to reiterate, expatiate, and supplement the findings of fact, conclusions of law, and orders I entered from the bench at the conclusion of the hearing on February 24, 2006.

> **BY THE COURT:**
>
> **s/ Robert E. Blackburn**
> **Robert E. Blackburn**
> **United States District Judge**