# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 05-cr-00537-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. STAN TARAN FORD,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS [#27]

**Blackburn, J.**

The matter before me is defendant's **Motion To Sever Counts** [#27] filed January 24 2006. I deny the motion.

Defendant argues alternatively that severance is warranted and required because the offenses charged in the Indictment are misjoined under Fed.R.Civ.P. 8(a), or because the offenses as joined are irreparably prejudicial under Fed.R.Civ.P. 14(a). I disagree.

Defendant is charged in a four-count Indictment returned by the grand jury on December 19, 2005. In Counts 1, 2, and 3 defendant is charged with possession and transfer of a machine gun, 18 U.S.C. § 922(o), and in Count 4 defendant is charged with possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k). The dates of offenses range from April 22, 2005, in Count 1 to November 21, 2005, in Counts 3 and 4.

Rule 8(a) permits offenses to be joined where they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." **Fed.R.Crim.P. 8(a)**. As the Tenth Circuit noted in *United States v. Janus Industries*, 48 F.3d 1548, 1557 (10th Cir. 1995), ". . . we have previously stated that Rule 8 'is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system.' *United States v. Hopkinson*, 631 F.2d 665, 668 (10th Cir.1980), cert. denied, 450 U.S. 969, 101 S.Ct. 1489, 67 L.Ed.2d 620 (1981); see *United States v. Scott*, 659 F.2d 585, 588 (5th Cir. Unit B 1981) (providing rule governing joinder is to be broadly construed in favor of initial joinder), cert. denied, 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 105 (1982); *Haggard v. United States*, 369 F.2d 968, 973 (8th Cir.1966) (stating broad interpretation of rule governing joinder is encouraged in the interest of more efficient administration of criminal trials), cert. denied sub nom. *Alley v. United States*, 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461 (1967)." At a minimum all four firearm-related felony offenses are of similar character inasmuch as they involve the possession of illegal firearms. See **United States v. Fortenberry**, 919 F.2d 923, 925 (5th Cir.1990) (concluding that because both charges were for weapons violations they were of the same or similar character within the meaning of the rule governing joinder of claims), cert. denied, 499 U.S. 930, 111 S.Ct. 1333, 113 L.Ed.2d 265 (1991).  Thus, the offenses are joined properly under Rule 8(a).

Rule 14(a) permits severance of offenses if their joinder appears to prejudice the accused. **Fed.R.Crim.P. 14(a)**. "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the

expense and inconvenience of separate trials." *Janus*, 48 F.3d at 1557 (*quoting* **United States v. Hollis**, 971 F.2d 1441,1456 (10th Cir. 1992). However, defendant bears a heavy burden of showing real prejudice from the joinder of counts. ***United States v. Muniz***, 1 F.3d 1018, 1023 (10th Cir. 1993).

Relying on ***Muniz*** and ***United States v. Dickey***, 736 F.2d 571, 591 (10th Cir. 1984), defendant argues that since the crimes charged are arguably similar, the jury may use improperly the proof of one offense to conclude that defendant has a general criminal disposition or propensity to commit crime in violation of Fed.R.Evid. 404(a). However, the ***Muniz*** and ***Dickey*** courts rejected that very argument and upheld the trial court's discretionary denial of the defendant's Rule 14(a) motion to sever. I too reject the argument, finding that the propitious palliative is a limiting instruction prohibiting the jury from converting the evidence to improper evidence of character. Furthermore, I intend to instruct the jury as follows: 1) that a separate crime is charged in each count of the Indictment; 2) that each charge, and the evidence pertaining to it, should be considered separately; and 3) the fact that the jury may find the defendant guilty or not guilty as to one of the counts should not control its verdict as to any other count. Such an instruction will effectively extenuate, if not eliminate altogether, any prejudice accruing from joinder.

Contrastingly, the prospect of multiple trials is prodigal. A single trial will conserve precious judicial resources and eschew the burden to citizens serving as jurors. On balance any danger of prejudice to defendant is outweighed clearly by the expense and inefficiencies of separate trials.

**THEREFORE, IT IS ORDERED** that defendant's **Motion To Sever Counts** [#27] filed January 24, 2006, **IS DENIED**.

Dated March 28, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**