**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 05-cr-00537-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. STAN TARAN FORD,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE
AFTER JUDGMENT OF CONVICTION**

**Blackburn, J.**

The matter before me is defendant's **Motion For Release After Judgment of Conviction** [#215], filed April 12, 2007. I deny the motion.

Pursuant to 18 U.S.C. § 3143(b), a person who has been found guilty of an offense and sentenced to a term of imprisonment shall be detained pending appeal unless the court finds, *inter alia*, that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduction to a term of imprisonment less than the time already served plus the expected duration of the appeal process. **18 U.S.C. § 3143(b)(1)(B)**[1]; *see also* **United States v. Affleck**, 765 F.2d 944, 952 (10th Cir. 1985).

---

[1] The government's response raises the additional issue of whether defendant should be denied bond because he poses a danger to the safety of any other person or the community if released. *See* **18 U.S.C. § 3143(b)(1)(A)**. Because I find that defendant has failed to show a substantial question under section 3143(b)(1)(B), I do not address this question, and, thus, deny defendant's request for an evidentiary hearing on the issue.

The Tenth Circuit has adopted a two-part test to determine whether this standard is met. "First, the court must decide that the appeal raises a 'substantial' question of law or fact." *Affleck*, 756 F.2d at 952. "'[A] "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way.'" *Id*. (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Second, the court must find that "'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'" *Affleck*, 765 F.2d at 952 (quoting *United States v. Miller*, 753 F.2d 19, 24 (3rd Cir. 1985)). This prong of the test is satisfied only if "'the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* at 953 (quoting *Miller*, 753 F.2d at 23). Defendant bears the burden of proof by a preponderance of the evidence on these issues. *Id.* at 953.

Defendant maintains that he has raised a substantial question with respect to whether the government violated its discovery obligations under *Brady v. Maryland* by withholding certain potentially exculpatory emails sent to defendant by Keith Heavilin concerning the single weapons sale for which defendant ultimately was convicted. I disagree. In analyzing defendant's motion for new trial, I recounted exhaustively the evidence presented at trial and considered the latent emails within the context of this evidence. I found the emails to be cumulative of the evidence already before the jury and, thus, concluded that they were not material in the sense that their admission

would not have affected the outcome of the trial.  (*See* **Order Denying Defendant's Motion For New Trial (Second) – *Brady* Violation** at 12-17 [#196], filed February 26, 2007.)  I again have reviewed and considered the evidence, both that which was presented to the jury and that which was withheld.  The instant motion presents nothing to convince me that my original ruling on this factual issue was fairly debatable.  Therefore, I find and conclude that defendant has failed to meet his burden of proof to demonstrate the kind of close question that satisfies the first prong of the *Affleck* test.

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant's **Motion For Release After Judgment of Conviction** [#215], filed April 12, 2007, is **DENIED**;

2.  That the stay of my **Order To Surrender in Lieu of Transportation by the United States Marshal** [#212], filed April 6, 2007, imposed by my subsequent **Order** [#224], filed May 1, 2007, is **LIFTED**; and

3.  That Defendant, STAN TARAN FORD, having been sentenced in the above-named case to the custody of the Bureau of Prisons, **SHALL SURRENDER** himself by reporting to the Warden of the Federal Correctional Institution La Tuna, Anthony, New Mexico-Texas, on **June 25, 2007, by 12:00 p.m.** (noon), and shall travel at his own expense.

Dated May 29, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**